Judge ALLARD, concurring.
I write separately regarding the supplemental jury instruction on self-defense that the jury received in this case.
As explained in Judge Wollenberg's lead opinion, this jury instruction was intended to inform the jurors that, when a person uses force in self-defense, the amount or degree of this force must be proportionate to - i.e. , a reasonable response to - the danger that the person reasonably believed they confronted .[1]
*805 The flaw in the challenged jury instruction was that it failed to include the principle stated in the italicized portion of the preceding sentence: the principle that the lawfulness of the defensive force must be judged in light of the circumstances as the defendant reasonably perceived them at the time. Instead, the instruction told the jurors that a person's use of force will be deemed unreasonable if a lesser degree of force was "obviously sufficient to avert the threatened harm," or if the person used an amount of force that was "not necessary to avert the danger."
The State notes that the wording of this jury instruction was drawn from a jury instruction on self-defense that this Court upheld in Wilkerson v. State .[2]
It is true that the jury instruction in Jones-Nelson's case was drawn, essentially verbatim , from the final two sentences of the jury instruction that we upheld in Wilkerson . But the jury instruction in Wilkerson contained an additional sentence that expressly reminded the jury that a defendant's use of force must be judged from the defendant's reasonable perception of the circumstances.[3]
Jones-Nelson's case illustrates the danger of lifting language from appellate court decisions and then asking jurors to interpret and apply this language without the benefit of its original context. The fact that a jury instruction contains a verbatim quote from one of this Court's decisions does not guarantee that the instruction is an accurate or complete statement of the law. Thus, even when the language of a proposed jury instruction is drawn from an appellate court decision, trial judges and lawyers must still analyze the proposed instruction to make sure that it properly conveys the law.

See our extended discussion of this principle in State v. Walker , 887 P.2d 971, 978 (Alaska App. 1994).

Wilkerson v. State , 271 P.3d 471 (Alaska App. 2012).

See id. at 474-75.